UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

| | |
|---|---|
| MILIENNE ADECLAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KENT SECURITY SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff MILIENNE ADECLAT ("Plaintiff") sues defendant KENT SECURITY SERVICES, INC. ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

MILIENNE ADECLAT, Plaintiff in the above-styled case, sues Defendant, KENT SECURITY SERVICES, INC., for damages arising from the Defendant's violations of 42 U.S.C. § 1981, as amended; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e *et seq.* ("Title VII"); the Pregnancy Discrimination Act of 1978; and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq.* ("FCRA"), for sex and pregnancy discrimination and retaliation. In support of this Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367 (a). This civil action arises under the laws of the United States. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.

2.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, and because Defendant has its principal place of business within the district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered, in Broward County.

3.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

4.      At all times material, Defendant was and is a Florida corporation authorized to conduct business in the State of Florida, in Broward County, and within the jurisdiction of this Court.

5.      At all times material, Plaintiff was and is a resident the State of Florida, in Broward County, and within the jurisdiction of this Court.

6.      At all times material to this Complaint, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definition of "aggrieved person" under the FCRA.

7.      At all times material, Defendant was a "person" and an "employer" as defined by the FCRA, Fla. Stat. § 760.02(6), (7); and 42 U.S.C.A. § 2000e.

2

8.      At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9.      Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

10.     Plaintiff has complied with all conditions precedent in filing this action, to wit;

    i.   Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about April 26, 2023.

    ii.  Plaintiff was issued a Notice of Right to Sue as to all charges of discrimination and retaliation on or about November 3, 2024.

11.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

12.     At all times relevant Plaintiff has been a member of the protected class of female citizens.

13.     Plaintiff began working for Defendant on or about December 22, 2017, as a Security Guard.

14.     Plaintiff performed her job well throughout her employment.

15.     On or about sometime in July of 2022, Plaintiff became pregnant.

3

16.     Despite Plaintiff's pregnancy, she went to work every day, and performed her job well.

17.     As Plaintiff's pregnancy progressed, her body transformed, and round Plaintiff's sixth or seventh month of pregnancy she began to appear pregnant.

18.     On or about February 20, 2023, Plaintiff was called into the office by the Manager, Marcel Josue, who asked Plaintiff if she was pregnant.  In response, Plaintiff responded in the affirmative, and confirmed that she was about seven (7) months (at that time).

19.     On or about February 22, 2023, shortly after Plaintiff's discussion with Manager Josue, Plaintiff noticed that she was not scheduled for work, and when she attempted to access Defendant's computer system, she received a message stating that her credentials were no longer valid.

20.     On or about February 22, 2023, Defendant terminated Plaintiff's employment.

21.     As pretext, Defendant stated that it terminated Plaintiff's employment for allegedly taking too long of a break, during a time Plaintiff took a break to use the restroom.

22.     Plaintiff tried to communicate to the Defendant that she was taking a bathroom break and implored the Defendant to reinstate her job, explaining that she needed her employment.

23.     Defendant refused to hear Plaintiff out, or to restore her employment.

24.     At all times herein relevant, and particularly at the time Defendant terminated the Plaintiff, Defendant maintained policies prohibiting unlawful discrimination and retaliation, and policies providing for leaves of absences, including leaves of absence under the FMLA.

THE SAENZ LAW FIRM PA
20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                          WhatsApp: 305.482.1475

25.     During Plaintiff's employment, she observed that Defendant did not terminate its employees for taking bathroom breaks or short breaks for other legitimate reasons, who were not pregnant or entitled to FMLA leave.

26.     Plaintiff believes Defendant discriminated and retaliated against her because of her gender and pregnancy.

27.     All conditions precedent to bringing this action have occurred, been performed or been excused.

28.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

### COUNT I: VIOLATION OF THE FCRA – PREGNANCY DISCRIMINATION

29.     Plaintiff repeats and re-alleges paragraphs 1 - 28 as if fully stated herein.

30.     At all times material, Plaintiff was qualified to perform the essential functions of her job.

31.     At all times material, Defendant was aware of Plaintiff's pregnancy.

32.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment, as described in paragraphs 12 - 28.

33.     Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

34.     Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful harassment of employees who are pregnant.

5

35.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

36.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

37.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  Declare that the acts complained of herein are in violation of the FCRA;

b.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

c.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d.  Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e.  Award punitive damages, according to proof;

f.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g.  Grant such other and further relief, as the Court deems just and proper.

6

<u>**COUNT II: VIOLATION OF THE FCRA –PREGNANCY RETALIATION**</u>

38.     Plaintiff repeats and re-alleges paragraphs 1 - 28 as if fully stated herein.

39.     At all times material, Plaintiff was qualified to perform the essential functions of her job.

40.     At all times material, Defendant was aware of Plaintiff's pregnancy.

41.     Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by terminating Plaintiff after Plaintiff opposed Defendant's behavior outlined in paragraphs 12 - 28.

42.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

43.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

44.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

45.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.   Declare that the acts complained of herein are in violation of the FCRA;

b.   Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

7

c.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d.  Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional retaliation, according to proof;

e.  Award punitive damages, according to proof;

f.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g.  Grant such other and further relief, as the Court deems just and proper.

## COUNT III: VIOLATION OF
## TITLE VII AND THE PREGNANCY DISCRIMINATION ACT –
## <u>PREGNANCY DISCRIMINATION</u>

46.   Plaintiff repeats and re-alleges paragraphs 1 - 28 as if fully stated herein.

47.   At all times material, Plaintiff was qualified to perform the essential functions of her job.

48.   At all times material, Defendant was aware of Plaintiff's pregnancy.

49.   Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII and the Pregnancy Discrimination Act by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment, as described in paragraphs 12 - 28.

50.   Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII and the Pregnancy Discrimination Act.

51.   Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful harassment of employees who are pregnant.

8

52.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

53.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

54.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Declare that the acts complained of herein are in violation of Title VII and the Pregnancy Discrimination Act;

b. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII and the Pregnancy Discrimination Act;

c. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Award punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII and the Pregnancy Discrimination Act; and

g. Grant such other and further relief, as the Court deems just and proper.

9

## COUNT IV: VIOLATION OF
## TITLE VII AND THE PREGNANCY DISCRIMINATION ACT –
## <u>PREGNANCY RETALIATION</u>

55.     Plaintiff repeats and re-alleges paragraphs 1 - 28 as if fully stated herein.

56.     At all times material, Plaintiff was qualified to perform the essential functions of her job.

57.     At all times material, Defendant was aware of Plaintiff's pregnancy.

58.     Defendant intentionally engaged in unlawful employment practices and retaliation in violation of Title VII and the Pregnancy Discrimination Act by terminating Plaintiff after Plaintiff opposed Defendant's behavior outlined in paragraphs 12 - 28.

59.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII and the Pregnancy Discrimination Act.

60.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

61.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

62.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.   Declare that the acts complained of herein are in violation of Title VII and the Pregnancy Discrimination Act;

10

**THE SAENZ LAW FIRM PA**

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                   WhatsApp: 305.482.1475

b.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII and the Pregnancy Discrimination Act;

c.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d.  Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional retaliation, according to proof;

e.  Award punitive damages, according to proof;

f.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII and the Pregnancy Discrimination Act; and

g.  Grant such other and further relief, as the Court deems just and proper.

## COUNT V: INTERFERENCE (FAILURE TO PROVIDE INFORMATION) – FMLA

63.     The Plaintiff repeats and re-alleges paragraphs 1 - 28 as if fully stated herein.

64.     At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

65.     The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

66.     The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

67.     The Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason. Specifically, Plaintiff was pregnant and anticipating the birth of her child within 2 - 3 months of notifying Defendant.

68.     At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

**THE SAENZ LAW FIRM PA**

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                         WhatsApp: 305.482.1475

69.     The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

70.     At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of her pregnancy.

71.     The Plaintiff provided enough information for the Defendant to know that her potential leave may be covered by the FMLA.

72.     The Defendant was aware of the Plaintiff's pregnancy.

73.     At all times material hereto, the Plaintiff communicated with the Defendant regarding her medical condition.

74.     Despite its knowledge of the Plaintiff's pregnancy, the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave.

75.     Instead of informing the Plaintiff of her rights, the Defendant terminated the Plaintiff for no cause.

76.     When the Defendant failed to notify the Plaintiff of her eligibility status and rights under the FMLA and failed to notify the Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied him the benefits to which she was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

**THE SAENZ LAW FIRM PA**

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                          WhatsApp: 305.482.1475

b.   Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.   Award the Plaintiff liquidated damages based on the Defendant's conduct;

d.   Award the Plaintiff prejudgment interest on her damages award;

e.   Award the Plaintiff reasonable costs and attorneys' fees;

f.   Award the Plaintiff any further relief pursuant to the FMLA; and,

g.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VI: INTERFERENCE (TERMINATION) – FMLA

77.   The Plaintiff repeats and re-alleges paragraphs 1 - 28 as if fully stated herein.

78.   At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

79.   The Plaintiff worked for the Defendant for at least 12 months before the date any FMLA leave was to begin.

80.   The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

81.   The Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason. Specifically, the Plaintiff's pregnancy and expected birth of her child in two to three months.

82.   At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

83.   The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

13

84.     At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of his qualifying reason.

85.     The Plaintiff provided enough information for the Defendant to know that his potential leave may be covered by the FMLA.

86.     The Defendant was aware of the Plaintiff's qualifying reason.

87.     At all times material hereto, the Plaintiff communicated with the Defendant regarding his medical condition.

88.     Despite its knowledge of the Plaintiff's medical condition, the Defendant failed to notify the Plaintiff of his eligibility status and rights under the FMLA and failed to notify the Plaintiff whether his leave was or could be designated as FMLA leave.

89.     Instead of informing the Plaintiff of his rights, the Defendant terminated the Plaintiff.

90.     When the Defendant terminated the Plaintiff's employment, the Defendant interfered with the Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

b.  Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award the Plaintiff liquidated damages based on Defendant's conduct;

d.  Award the Plaintiff prejudgment interest on his damages award;

e.  Award the Plaintiff reasonable costs and attorneys' fees;

14

**THE SAENZ LAW FIRM PA**

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                          WhatsApp: 305.482.1475

f.   Award the Plaintiff any further relief pursuant to the FMLA; and,

g.   Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: February 1, 2024.                              Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
Email: tanesha@legalopinionusa.com
Secondary Email: attorneyblye@lawyerofjustice.com
LAW OFFICES OF T. WALLS BLYE, PLLC
66 West Flagler Street, Ste. 900
Miami, Florida 33130
Main Phone: (305) 482-1475
Assistant Phone: (305) 209-5779
Secondary Phone: (786) 796-1814

R. Martin Saenz, Esq. (FBN: 0640166)
Email: martin@legalopinionusa.com
THE SAENZ LAW FIRM, PA
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Main Phone: (305) 482-1475
Assistant direct line: (305) 209-5779

*Counsels for Plaintiff*

**THE SAENZ LAW FIRM PA**

20900 NE 30th Avenue, Suite 800          Telephone: 305.482.1475
Aventura, Florida 33180                        WhatsApp: 305.482.1475